UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MARCUS BUSH,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY SHERIFF'S OFFICE,<br><br>Defendant. | No. 2:16-cv-2844 WBS AC P<br><br><br><br>ORDER |

I.     Introduction

Plaintiff is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation (CDCR). At the present time, plaintiff is being held at the Butte County Jail pending state court appearances in July 2017. In the instant action, plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the court grants petitioner's request to proceed in forma pauperis; screens plaintiff's complaint pursuant to 28 U.S.C. § 1915A; notifies plaintiff of the deficiencies in his complaint; and dismisses the complaint with leave to file a First Amended Complaint within thirty days. In addition, the court

////

1

denies plaintiff's request for appointment of counsel, and plaintiff's request that this case proceed as a class action.

## II. In Forma Pauperis Application

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 16, will be granted.

Plaintiff is still required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Screening of Complaint Pursuant to 28 U.S.C. § 1915A

### A. Legal Standards for Screening a Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

Plaintiff has filed a complaint, ECF No. 1, and several separate and extensive supporting documents, see e.g., ECF Nos. 12, 15, 17, 21. Plaintiff has also filed several notices concerning the processing of his legal mail, accessibility to the law library and copying services, and communications with other inmates concerning this case. See e.g., ECF Nos. 11, 18, 20. The court has reviewed all documents filed by plaintiff.

The 32-page complaint consists of a 6-page form complaint; plaintiff's 10-page affidavit; and 16 pages of exhibits. The only named defendants are the "Butte County Sherriffs Office" and the "Butte County Sherriff" (sic). ECF No. 1 at 1-2. The complaint identifies three claims: the first and third claims are designated "to be determined;" the second claim is designated "Eighth

Amendment;" the claims generally reference the attached documents. The identified injuries are "psychological distress" (claim one); "emotional distress, etc." (claim two); and "physical discomfort, emotional duress, psychological distress, etc." (claim three). The comprehensive requested relief provides in full, id. at 6 (sic):

> I would like change in policy and practices to be implemented immediately and I am seeking compensation for harassment, emotional duress/distress, and would like all officers/deputies to be thoroughly re-educated on cross-contamination and all Health and Safety regulations related to all Correctional facillities. I would also like the officers whom I can show undermined the legal and proffessional processes I have attempted to utilize to be removed from their employment at the facillity in question.

Plaintiff's affidavit and exhibits indicate that plaintiff has attempted, through the jail grievance process, to obtain resolution of several matters and conditions allegedly impacting the health and safety of plaintiff and other inmates at the jail. Plaintiff has challenged health and safety conditions in the kitchen, serving hall, and day room; and he has alleged specific unsanitary conditions and practices involving general maintenance, food service, and personal hygiene. It appears, generally, that plaintiff's grievances were responded to, including the issuance of instructions to jail staff regarding how to maintain and/or improve some of the challenged conditions. Plaintiff complains that these responses consist of lies and misrepresentations. These matters appear generally to be encompassed by plaintiff's claim one, wherein plaintiff identifies the "issue" as "Health and Safety/Sanitary Conditions."

Plaintiff also appears to be challenging, apparently in claim two, his medical and custodial treatment following an injury to his jaw in August 2016. It appears that plaintiff slipped on a wet floor, injuring his jaw, on August 12, 2016. Initially, medical staff allegedly discounted plaintiff's injury and prescribed only ibuprofen. Plaintiff was again evaluated on August 13, 2016, when the attending nurse pressed and allegedly separated plaintiff's jaw bone, then sent him to the hospital ER for imaging and surgery. Plaintiff complains that, after his return to jail, he was not consistently provided a single cell as ordered by his surgeon. Plaintiff alleges that his insistence on a single cell and his repeated moves resulted, inter alia, in two correctional officers "ramm[ing] my face into the cell wall, resulting in the breaking of 3 of the wires that were

4

supposed to hold my jaw wired shut." ECF No. 1 at 12. Plaintiff also alleges that he was not consistently provided a liquid diet, initially upon his request immediately following his injury, and then as ordered by his surgeon.

The undersigned is unable to determine from the complaint and exhibits the basis of plaintiff's third claim, and therefore disregards it.

### C. Screening of Plaintiff's Complaint

Liberally construing the complaint, it appears that plaintiff is attempting to state two Eighth Amendment claims: in Claim One, the deliberate indifference to plaintiff's health and safety based on the allegedly unsanitary conditions at Butte County Jail; in Claim Two, the deliberate indifference to plaintiff's serious medical needs. In addition, in Claim Two, plaintiff's allegations appear to support a potentially cognizable Eighth Amendment claim for excessive force.

The court addresses the requirements and shortcoming of each of these claims as currently framed. However, the court first addresses general deficiencies in the complaint concerning the named defendants, plaintiff's alleged injuries and requested relief, and plaintiff's challenges to the jail's grievance system.

#### 1. General Deficiencies in the Complaint

Plaintiff is informed that "Section 1983 imposes civil liability upon an individual who 'under color [of state law] . . . subjects or causes, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws.'" Franklin v. Fox, 312 F.3d 423, 444 (9th Cir.2002) (quoting 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

5

complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citations omitted.) A complaint that fails to state the specific acts of defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

### a. Defendants

The named defendants in the complaint are the "Butte County Sherriffs Office" and the "Butte County Sherriff" (sic).[1] ECF No. 1 at 1-2.

Broadly assuming that plaintiff intended to name the Butte County Sheriff in both his personal and official capacities, the complaint does not contain factual allegations sufficient to allege a personal-capacity suit against the Sheriff. That is, the complaint does not allege that the Sheriff personally participated in or directed any alleged violation of plaintiff's rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation; there is no respondeat superior liability under section 1983."). For this reason, the Butte County Sheriff is not a proper defendant in his personal, or individual, capacity.

Suing the Butte County Sheriff in his official capacity is construed as a suit against the county entity for which he is responsible, the Butte County Sheriff's Office. "Official-capacity suits, in contrast [to personal-capacity suits], 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159,

////

---

[1] Plaintiff has also submitted a list of 20 named defendants, with a notation that other officers will be named later. See ECF No. 17 at 2. This list, which includes notations after the names of several putative defendants (e.g., "failure to follow proper procedure," "staff misconduct," "intentional disregard") fails to state any cognizable claim because the underlying conduct that allegedly support these conclusions is not identified. See Ivey v. Board of Regents, supra, 673 F.2d at 268 (vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim).

165-66 (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55 (1978)).

Local governmental entities, particularly local law enforcement entities such as the Butte County Sheriff's Office (and the Butte County Sheriff in his official capacity) may be liable under Section 1983 for civil rights violations. See e.g. Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 n.2. However, the Supreme Court has limited municipal liability to the unconstitutional implementation or execution of a municipal "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (fn. omitted). "[I]t is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693.

In the present case, plaintiff appears to contend that it is the practice or custom of Butte County Jail officials to ignore existing policies and procedures concerning the maintenance of a safe and healthy jail environment. However, the complaint does not identify which policies and procedures were allegedly violated, or how the alleged violations were customary or routine.

Alternatively, as discussed further below, plaintiff may attempt to state a cognizable claim against one or more specific custodial defendants, based on each defendant's alleged deliberate indifference to plaintiff's health and safety. Similarly, plaintiff's claims for deliberate indifference to his serious medical needs must identify one or more specific defendants and the challenged conduct of each defendant demonstrating such deliberate indifference. In the present complaint, plaintiff has named no individual custodial or medical defendant.

b. Alleged Injuries & Requested Relief

Prisoners are precluded by the Prison Litigation Reform Act (PLRA) from obtaining damages under Section 1983 based on mental or emotional injury alone. See 42 U.S.C. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C.S. § 1997e(e). This requirement has been construed in

7

the Ninth Circuit to require "a prior showing of physical injury that need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (fn. omitted). Pursuant to this authority, plaintiff may not obtain his requested general "compensation for harassment, emotional duress/distress." ECF No. 1 at 6. However, the physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages based on the violation of a prisoner's constitutional rights. Oliver, 289 F.3d at 630.

Additionally, plaintiff cannot obtain the termination of jail officials in this action. "All requests for injunctive relief terminating the employment of defendant officials and officers do not state a claim upon which relief may be granted. Even if plaintiffs prevail on the merits of their claims, they may not obtain such an order in this action." Lewis v. Nevada, 2014 WL 65799, at *7, 2014 U.S. Dist. LEXIS 2045 (D. Nev. Jan. 7, 2014)

### c. Grievance Process

Plaintiff alleges generally that jail officials failed to properly process his administrative grievances and, when they responded, did so with lies and misrepresentations. These allegations fail to state a cognizable claim.

A prisoner's First Amendment right to petition the government for the redress of grievances includes the right to pursue available prison administrative remedies. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, "[t]here is no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898 (1988). Because prisoners are not entitled to grievance procedures as a matter of course, a claim that prison or jail officials failed to comply with institutional grievance procedures or failed to resolve a particular grievance in a favorable manner is not cognizable under Section 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Thus, in the instant case, plaintiff's wide-ranging allegations that defendants improperly processed his grievances, fail to state a cognizable claim.

////

////

2. Substantive Claims

For the reasons previously stated, the court addresses the substance only of plaintiff's first and second claims, and disregards plaintiff's putative third claim.

a. Deliberate Indifference to Health & Safety

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago County, 489 U.S. 189, 199-200 (1989). A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842 (citations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. (citations omitted). A failure to protect claim requires the existence or potential existence of a substantial risk of serious harm rather than actual harm *per se*. Id. at 836.

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995). Hence, to state a cognizable claim based on alleged unsanitary and/or unsafe conditions, plaintiff must plausibly allege that the challenged condition was both "severe" and "prolonged," and the result of Butte County Jail custom or practice, see Monell, 436 U.S. at 690-93, or the

9

deliberate indifference of one or more specific individuals.

In the instant complaint, plaintiff's general allegations of jail conditions that are unhealthy, unsanitary and/or unsafe do not include each of these elements and therefore fail to state a cognizable claim.

           b.   Deliberate Indifference to Serious Medical Needs

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

To state a cognizable claim for deliberate indifference to serious medical needs, plaintiff must plausibly allege that the challenged conduct or failure to act posed a risk of "objectively serious harm" and that the subject prison officials had a "sufficiently culpable state of mind." Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.1995) (internal quotations omitted). Hence, the relevant inquiry involves both an objective and a subjective component. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

In order to establish the objective component of an Eighth Amendment claim based on deliberate indifference to serious medical needs, plaintiff must demonstrate that his medical need was sufficiently "serious" that failure to treat it could result in further significant injury or the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104; Clement, 298 F.3d at 904. The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are . . . indications that a prisoner has a 'serious' need for medical treatment." McGuckin v. Smith, 974 F.2d 1050,

1059–60 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

The subjective component of an Eighth Amendment claim based on deliberate indifference to serious medical needs requires the allegation of sufficient facts from which to plausibly infer that prison officials acted with a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 299 (1991). A prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

To allege a claim for deliberate indifference to his serious medical needs, plaintiff must allege that specific individual defendant(s) engaged in the challenged conduct or failure to act with the requisite state of mind.

The following matters identified in the complaint may – if sufficiently alleged – support cognizable claims for deliberate indifference to plaintiff's medical needs: (1) the failure of jail officials to consistently provide plaintiff with a liquid diet, initially at his request following his jaw injury, later at the direction of his surgeon; and (2) the failure of jail officials to consistently provide plaintiff with a single cell following his surgery, as directed by his surgeon. However, if the duration of these deprivations was relatively brief and promptly corrected, they may not support a deliberate indifference claim. For example, as currently framed, the complaint does not state cognizable deliberate indifference claims based on the initial failure of jail medical staff to determine that plaintiff's jaw was broken or, the next day, the nurse's alleged separation of plaintiff's jaw on examination, because plaintiff was then immediately referred for imaging and surgery at an outside hospital. Plaintiff must evaluate each of these matters in considering whether to pursue them in a First Amended Complaint.

                              c.        Excessive Force

Plaintiff alleges that, shortly after his jaw surgery, two correctional officers rammed his face into a wall, breaking three surgical wires. See ECF No. 1 at 12. There is no further development of this potential claim, and neither correctional officer is identified.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson at 9 (citing Whitley at 327).

If plaintiff can identify the officers who allegedly pushed him and more fully describe the alleged incident, he may be able to state a cognizable excessive force claim in a First Amended Complaint.

IV.     Request for Appointment of Counsel

Plaintiff requests the appointment of counsel due to his limited knowledge of the law and civil litigation. See ECF No. 14. Plaintiff opines that appointment of counsel "would be the best way to ensure the best outcome for all parties concerned about the issues represented in this case and I do not wish to impede the court with my personal lack of knowledge for I am learning as I go." Id. at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners do not establish exceptional circumstances.

In the present case, the court does not find the required exceptional circumstances at the present time, particularly because plaintiff has not submitted a complaint that states a cognizable claim. The court is unable to assess the complexity of the potential issues involved in this case or plaintiff's likelihood of success. Therefore, plaintiff's request for appointment of counsel will be denied at this time without prejudice.

V. Request to Proceed as a Class Action

Plaintiff moves the court to designate this instant case a class action. See ECF No. 13. Plaintiff has identified potential additional plaintiffs, and submitted their declarations and consents to class membership. See ECF No. 12 at 14, 174-79. These declarations identify a myriad of alleged sanitation violations and failure to provide adequate medical care.

Only an attorney can pursue the legal interests of class members. Plaintiff cannot do so. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) ("[Appellant] is not an attorney. While he may appear in propria persona in his own behalf [], that privilege is personal to him. He has no authority to appear as an attorney for others than himself."); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Thus, plaintiff may not bring claims on behalf of other inmates.

"A litigant appearing in propria persona has no authority to represent anyone other than

himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Therefore, this action must be construed as an individual civil suit brought by plaintiff alone.

### VI. Leave to File a First Amended Complaint

Subject to the legal standards set forth herein, plaintiff may file a proposed First Amended Complaint within thirty (30) days after the filing date of this order. Plaintiff is advised that a First Amended Complaint shall be on the form provided herewith, and no longer than 15 pages, including exhibits. The court is in possession of plaintiff's extensive exhibits to date and will consult them on an as-needed basis. Plaintiff should file no other exhibits. Plaintiff must label the amended complaint "First Amended Complaint," and provide the case number assigned this case.

A First Amended Complaint will be screened by the court pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that an amended complaint must clearly identify each defendant and their respective allegedly unconstitutional conduct. The charging allegations must be clearly set forth in the amended complaint so that each defendant has fair notice of the claims against him.

The federal rules contemplate brevity. Fed. R. Civ. P. 8(a); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has evidentiary support for his allegations and that his claims are warranted by existing law. See Fed. R. Civ. P. 11.

////
////
////
////

VII. <u>Summary</u>

• You have been granted in forma pauperis status to proceed in this action. Therefore, you will pay the filing fee over time with deductions from your prison trust account, not in an immediate lump sum.

• The court has screened your complaint and found that your allegations, as currently framed, fail to state a cognizable claim. You have been granted leave to file a First Amended Complaint within thirty days to attempt to state one or more cognizable claims. If you do not timely file a First Amended Complaint, this action will be dismissed without prejudice.

• Should you file a First Amended Complaint, it must comply with the following principles:

> • The court cannot supply essential elements of your claims; your factual allegations must clearly identify the conduct, or failure to act, that supports your legal claims, and identify the specific individuals (defendants) who were involved. If defendant is the Butte County Jail, your allegations must plausibly demonstrate the unconstitutional implementation and/or execution of a specific policy, practice or custom.
>
> • While you may seek compensatory, nominal or punitive damages based on a violation of your constitutional rights, you may not obtain damages for emotional injury alone; to obtain damages for emotional injury, you must also demonstrate a related physical injury that is more than minimal. While you may seek appropriate injunctive relief, you may not seek the termination of jail officials.
>
> • Your allegation that jail officials improperly processed your administrative grievances does not state a cognizable claim.
>
> • To state a cognizable Eighth Amendment claim for deliberate indifference to your health and safety, your allegations must demonstrate "severe" and "prolonged" unsanitary or unsafe conditions as a result of Butte County Jail custom or policy, or the deliberate indifference of one or more specifically identified individual defendants.
>
> •To state a cognizable Eighth Amendment claim for deliberate indifference to your serious medical needs, your allegations must demonstrate that your medical need was "sufficiently serious" in that the failure to treat it risked further significant injury or pain, and that specific individual defendants knew of, but disregarded, that risk.
>
> • To state a cognizable Eighth Amendment claim for the use of excessive force, your allegations must demonstrate that specifically identified individual defendants used excessive force against you with the intent to cause harm.

• Your request for appointment of counsel is denied without prejudice, due in part to the dismissal of your complaint for failure to state a cognizable claim.

15

- Your request that this action proceed as a class action is denied without prejudice because only an attorney can represent the legal interests of class plaintiffs.

VIII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 16, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for appointment of counsel, ECF No. 14, is denied without prejudice.

4. Plaintiff's request that this action proceed as a class action, ECF No. 13, is denied with prejudice.

5. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file a proposed First Amended Complaint within thirty (30) days after service of this order, subject to the legal standards set forth herein. The First Amended Complaint shall be on the form provided herewith and shall be no longer than 15 pages, including exhibits.

6. Plaintiff's failure to timely file a First Amended Complaint will result in the dismissal of this action without prejudice.

7. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

DATED: July 10, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE